IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WOODROW J. JONES, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1953-E-BN |
| | § | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ET AL., | § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Woodrow J. Jones, Sr. brings this *pro se* action against the Equal Employment Opportunity Commission, an agency of the federal government, and employees of the EEOC's Dallas field office in their official capacities, alleging that, by failing to timely investigate his claims, the EEOC and its employees violated his constitutionally-protected right to equal protection and Title VII of the Civil Rights Act of 1964. *See* Dkt. No. 3; *see also Jones v. Tex. Juvenile Justice Dep't*, No. 9:14-CV-60, 2017 WL 5634637 (E.D. Tex. Apr. 17, 2017), *aff'd*, 698 F. App'x 215 (5th Cir. 2017) (per curiam) ("Jones's alleged injury accrued when the Department terminated him on December 22, 2011. Jones did not file this lawsuit until May 2, 2014, more than two years after the injury. The statute of limitations had expired, and his Section 1983 claim is barred. The Section 1981 claim also fails because, as a claim against a state actor, it is governed by Section 1983 and by the same two-year limitation period."), *cert. denied*, 138 S. Ct. 1566 (2018).

United States District Judge Ada Brown referred Jones's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

While Jones paid the filing fee to bring this case – and his claims are therefore not subject to initial screening under 28 U.S.C. § 1915 – the undersigned has reviewed Jones's allegations and finds that the Court lacks subject matter jurisdiction over this suit. Given the circumstances of this case, the undersigned therefore enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Jones notice as to the jurisdictional deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (further explained below) affords an opportunity for Jones to establish to the Court that its does indeed have subject matter jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Jones chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citations omitted)). And, if Jones does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction,

parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. And, here, another impediment to jurisdiction confronts Jones's lawsuit: "A plaintiff cannot sue a government agency or its officials unless Congress has waived their sovereign immunity by statute." *Webster v. Mattis*, 279 F. Supp. 3d 14, 18 (D.D.C. 2017) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).

As the court in *Webster* observed, it was not aware of a "statutory waiver of immunity for claims against the EEOC or its employees based on their handling of an EEOC complaint against another agency." *Id.* (citing *Darbeau v. Library of Cong.*, 453 F. Supp. 2d 168, 170 (D.D.C. 2006) ("Plaintiff fails to identify any express or implied waiver of the EEOC's sovereign immunity with respect to his claims. The EEOC cannot be sued unless it is being sued as an employer, *see* 42 U.S.C. § 2000e-16(c); Title VII does not vest federal courts with jurisdiction over suits against the EEOC for other causes, such as agency inaction. *Smith v. Casellas*, 119 F.3d 33 (D.C. Cir. 1997). Because plaintiff's claim against the EEOC does not implicate the EEOC as a former employer, this Court has no subject matter jurisdiction over the claim.")).

Similarly, Jones has not alleged that Congress has waived sovereign immunity as to his claims against the EEOC and its employees in their official capacities. And the Court should dismiss this lawsuit for lack of subject matter jurisdiction. *See, e.g.*,

*Webster*, 279 F. Supp. 3d at 18 ("[Jones] does not allege he was employed by the EEOC. As a result, he cannot bring suit under Title VII against the EEOC or its employees in their official capacities. [Jones's] claims … must therefore be dismissed for lack of subject-matter jurisdiction. (citation omitted)).

### Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 24, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE